**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **JANICE LYNETTE COLE, Individually** | § | |
| **and as Administrator of the Estate of** | § | |
| **RAYMOND LARRY COLE, Deceased** | § | |
| | § | |
| **PLAINTIFF** | § | |
| | § | **NO. 5:22-CV-00127** |
| **v.** | § | |
| | § | |
| **SOUTHWESTERN CORRECTIONAL,** | § | |
| **L.L.C. d/b/a LaSALLE CORRECTIONS,** | § | |
| **L.L.C. and LASALLE SOUTHWEST** | § | |
| **CORRECTIONS; LASALLE** | § | |
| **MANAGEMENT COMPANY, L.L.C.;** | § | |
| **BOWIE COUNTY, TEXAS; VERNON D.** | § | |
| **BOWMAN, M.D., Individually, ASHLEY** | § | |
| **SPIVEY, Individually; JASON LAMB,** | § | |
| **Individually; MARLON EBEY, Individually;** | § | |
| **TIFFANY HILL, Individually; J. HARDEN,** | § | |
| **Individually; JANNA POOLE-BRESCIA,** | § | |
| **Individually; and JOHN and JANE** | § | |
| **DOES 1 - 10** | § | |
| **DEFENDANTS** | § | |

## DEFENDANTS' ORIGINAL ANSWER

COME NOW, Defendants Southwestern Correctional, L.L.C. d/b/a LaSalle Corrections, L.L.C. and LaSalle Southwest Corrections, LaSalle Management Company, L.L.C.; Bowie County, Texas; Amanda Spivey, individually (mis-named as Ashley Spivey); Jason Lamb, individually; Marlon Ebey, individually; Tiffany Hill, individually, and Jana Pool-Brescia, individually and for their Answer to Plaintiff's Original Complaint would show unto the court as follows:

1.      Defendant Southwestern Correctional, L.L.C. admits that it operated the Bi-State Jail for eight years, between February 2013 and February 2021.  Defendant denies the remaining allegations contained in paragraph 1 of Plaintiff's Original Complaint.

2.    Defendants deny the allegations contained in paragraph 2 of Plaintiff's Original Complaint.

3.    Defendants deny the allegations contained in paragraph 3 of Plaintiff's Original Complaint.

4.    Defendant admits that this Court has subject matter jurisdiction over civil rights claims. Further, defendants deny the claims made in this matter.

5.    Defendants admit personal jurisdiction as asserted in paragraph 5 of Plaintiff's Original Complaint.

6.    Defendants admit that venue is proper as alleged in paragraph 6 of Plaintiff's Original Complaint

7.    Defendants admit that Janice Lynette Cole is a United States citizen and resident of Bowie County, Texas.  Defendants admit that Janice Lynette Cole is the court appointed Temporary Administrator of the Estate of Raymond Larry Cole, which was opened under Texas law and which governs this case in its entirety. Defendants deny the remaining allegations of paragraph 7 of Plaintiff's Original Complaint.

8.    Defendant Bowie County admits that it is a governmental entity and a political subdivision of the State of Texas and is a person for purposes of 42 U.S.C. Section 1983. Defendant Bowie County, Texas admits that it operates the Bi-State Jail and the Annex.  Defendants deny the remaining allegations in paragraph 8 of Plaintiff's Original Complaint.

9.    Defendants admit that in February 2013, defendant Bowie County contracted with Southwestern Correctional, L.L.C. d/b/a LaSalle Corrections, L.L.C. to manage and operate the Bi-State Jail and Annex. Defendants deny the remaining allegations in paragraph 9 of Plaintiff's Original Complaint.

10.    Defendants Southwestern Correctional, L.L.C. d/b/a LaSalle Corrections, L.L.C. and LaSalle Southwest Corrections admit that it is a Texas L.L.C. and is a person under 42 U.S.C. Section 1983 and that it managed the day-to-day operations of the Bi-State Jail and Annex. Defendants admit that the allegations against this defendant arise from actions in the state of Texas, whose law governs this action. Defendants deny the remaining allegations contained in paragraph 10 of Plaintiff's Original Complaint.

11.    Defendant LaSalle Management, L.L.C. admits that it is a Louisiana L.L.C. and is considered a person under 42 U.S.C. section 1983.  Defendant LaSalle Management Company,  L.L.C. admits that the allegations arise from actions in the state of Texas, however, the defendant denies the substance of these allegations.  Defendant LaSalle Management Company, L.L.C. denies that as of the dates alleged in Plaintiff's Original Complaint it had any obligations pertinent to the Bi-State Jail and Annex, and LaSalle Management Company, L.L.C. denies the remaining allegations in paragraph 11 of Plaintiff's Original Complaint.

12.    The allegations in paragraph 12 of Plaintiff's Original Complaint pertain to a person other than these defendants.  The allegations in paragraph 12 of Plaintiff's Original Complaint, therefore, are denied.

13.    Defendant Amanda Spivey states that she is misnamed as Ashley Spivey.  Defendant Amanda Spivey admits that she is a United States citizen who resides in the state of Texas. Defendant Spivey admits that the allegations arise from actions in the State of Texas, however, Spivey denies the substance of these allegations. Defendant Spivey admits that she was an employee of Southwestern Correctional, L.L.C. and denies the remaining allegations contained in paragraph 13 of Plaintiff's Original Complaint.

14.    Defendant Jason Lamb admits that he is a United States citizen who resides in the State of Arkansas.  Defendant Lamb admits that the allegations arise from actions in the State of Texas, whose law applies, however, Lamb denies the substance of these allegations. Defendant Lamb admits that he was an employee of Southwestern Correctional, L.L.C. and denies the remaining allegations contained in paragraph 14 of Plaintiff's Original Complaint.

15.    Defendant Marlon Ebey admits that he is a United States citizen who resides in the State of Texas.  Defendant Ebey admits that the allegations arise from actions in the State of Texas, however, Ebey denies the substance of these allegations. Defendant Ebey admits that he was an employee of Southwestern Correctional, L.L.C. and denies the remaining allegations contained in paragraph 15 of Plaintiff's Original Complaint.

16.    Defendant Tiffany Hill admits that she is a United States citizen who resides in the state of Texas. Defendant Hill admits that the allegations arise from actions in the State of Texas, however, Hill denies the substance of these allegations. Defendant Hill admits that she was an employee of Southwestern Correctional, L.L.C. and denies the remaining allegations contained in paragraph 16 of Plaintiff's Original Complaint.

17.    The allegations in paragraph 17 pertain to an unknown and/or fictitious person who has no connection with this matter.  The allegations therefore pertain to a person other than these defendants.  The allegations in paragraph 17 of Plaintiff's Original Complaint, therefore, are denied.

18.    Defendant Janna Poole-Brescia admits that she is a United States citizen who resides in the state of Texas. Defendant Poole-Brescia admits that the allegations arise from actions in the State of Texas, however, Poole-Brescia denies the substance of these allegations.

Defendant Poole-Brescia admits that she was an employee of Southwestern Correctional, L.L.C. and denies the remaining allegations contained in paragraph 18 of Plaintiff's Original Complaint.

19.    Defendants deny the allegations set forth in paragraph 19 of Plaintiff's Original Complaint.

20.    Defendants admit that in September 2020, Raymond Larry Cole and his wife, Janice Lynette Cole were residents of Bowie County, Texas and that Raymond Larry Cole was 72 years of age.  Defendants deny the remaining allegations in paragraph 20 of Plaintiff's Original Complaint.

21.    Defendants deny the allegations set forth in paragraph 21 of Plaintiff's Original Complaint.

22.    Defendants deny the allegations set forth in paragraph 22 of Plaintiff's Original Complaint.

23.     Defendants deny the allegations set forth in paragraph 23 of Plaintiff's Original Complaint.

24.     Defendants admit the allegations set forth in paragraph 24 of Plaintiff's Original Complaint.

25.    Defendants admit that Mr. and Mrs. Cole were arrested by the Texarkana, Texas Police Department on or about September 30, 2020, and that they were screened for COVID symptoms. Defendants deny the remaining allegations in paragraph 25 of Plaintiff's Original Complaint.

26.    Defendants admit that as part of the booking process, LaSalle employee and defendant Jason Lamb conducted a medical intake screening of Mr. Cole after he returned from an evaluation at Wadley Regional Medical Center.  Defendant Lamb admits that he is an emergency medical technician.  Defendants deny the remainder of the remaining allegations in paragraph 26 of Plaintiff's Original Complaint.

27. Defendants admit that approximately 11:00 a.m. nurse Janna Poole-Brescia responded to Raymond Cole in a holding cell and charted that he appeared to be suffering from urinary incontinence.  Defendants deny the remaining allegations in paragraph 27 of Plaintiff's Original Complaint.

28. Defendants admit the allegations set forth in paragraph 28 of Plaintiff's Original Complaint.

29. Defendants deny the allegations set forth in paragraph 29 of Plaintiff's Original Complaint.

30. Defendants deny the allegations set forth in paragraph 30 of Plaintiff's Original Complaint.

31. Defendant Ebey admits that at approximately 9:10 a.m. on October 3 he checked on Raymond Cole in N pod.  He was assisted into a wheelchair and brought to the medical office. Defendant Ebey admits that he called Mrs. Cole to verify Raymond Cole's statements that he does not take medication. Defendant Ebey admits that he requested that she bring Raymond Cole's medication to the jail for verification.  Defendants deny the remaining allegations in paragraph 31 of Plaintiff's Original Complaint.

32. Defendant Lamb and Ebey admit that they met with Janice Lynette Cole in response to Raymond Cole's assertion that he does not take medication.  Defendant Lamb admits that he is an EMT by training. Defendant Ebey admits that he is an LVN.  Defendants Lamb and Ebey admit that they reviewed certain prescription bottles brought to the jail by Janice Lynette Cole.  Defendants deny the remaining allegations in paragraph 32 of Plaintiff's Original Complaint.

33. Defendants Lamb and Ebey admit that they completed medical verification forms for purported existing prescriptions which were to be verified.  These defendants admit that certain prescriptions appeared to be recently filled so as to verify Janice Cole's statement

that Mr. Cole had been off of the medications for some time. Defendants deny the remaining allegations in paragraph 33 of Plaintiff's Original Complaint.

34.    Defendants deny the allegations set forth in paragraph 34 of Plaintiff's Original Complaint.

35.    Defendant Ebey and Spivey admit that at approximately 11:15 a.m. on October 3, Raymond Cole's medications were discussed.  Defendant Spivey admits that she is a registered nurse and that she was told by Janice Lynette Cole that she would get Raymond Cole out of jail on the morning of Monday, October 5, 2020.  Defendant Ebey admits that paragraph 35 of Plaintiff's Original Complaint. sets out in part some of the information included in a progress note written by defendant Ebey.  Defendants deny the remaining allegations in paragraph 35 of Plaintiff's Original Complaint.

36.    Defendant Lamb admits that paragraph 36 of Plaintiff's Original Complaint. sets forth in part information included in a progress note written by defendant Lamb.  Defendants deny the remaining allegations in paragraph 36 of Plaintiff's Original Complaint.

37.    Defendants admit the allegations set forth in paragraph 37 of Plaintiff's Original Complaint.

38.    Defendants admit that at approximately 8:30 p.m. on October 3, 2028, a LaSalle nurse charted that Raymond Cole refused his PM medications. Defendant admits that per the order of Wadley Regional Medical Center physicians, the only order in place for Raymond Larry Cole to receive was Keppra (Levetiracetam) he had been prescribed as a result of his trip to the hospital on September 30.  Defendants deny the remaining allegations set forth in paragraph 38 of Plaintiff's Original Complaint.

39.    Defendant Ebey admits that at approximately 9:20 a.m. on October 4, 2020, he charted that Raymond Larry Cole was standing at his sink and stated that he felt better, and that Keppra

and Lasix were given to him.  Defendants deny the remaining allegations in paragraph 39 of Plaintiff's Original Complaint.

40.     Defendant Ebey admits that at approximately 3:05 p.m. on October 4, 2020, Cole was lying on his right side between the bunk and a stool and had defecated on himself.  Defendant Ebey further states that in response, Cole was placed on a bunk and medical staff provided care.  Defendants deny the remaining allegations set forth in paragraph 40 of Plaintiff's Original Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of Plaintiff's Original Complaint.

42.     Defendants deny the allegations contained in paragraph 42 of Plaintiff's Original Complaint.

43.     Defendants deny the allegations contained in paragraph 43 of Plaintiff's Original Complaint.

44.     Defendants deny the allegations contained in paragraph 44 of Plaintiff's Original Complaint.

45.     Defendants deny the allegations contained in paragraph 45 of Plaintiff's Original Complaint.

46.     Defendants deny the allegations contained in paragraph 46 of Plaintiff's Original Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of Plaintiff's Original Complaint.

48.     Defendants deny the allegations contained in paragraph 48 of Plaintiff's Original Complaint.

49. Defendants deny the allegations contained in paragraph 49 of Plaintiff's Original Complaint.

50. Defendants deny the allegations contained in paragraph 50 of Plaintiff's Original Complaint.

51. Defendants deny the allegations contained in paragraph 51 of Plaintiff's Original Complaint.

52. Defendants deny the allegations contained in paragraph 52 of Plaintiff's Original Complaint.

53. Defendants deny the allegations contained in paragraph 53 of Plaintiff's Original Complaint.

54. Defendants deny the allegations contained in paragraph 54 of Plaintiff's Original Complaint.

55. Defendants deny the allegations contained in paragraph 55 of Plaintiff's Original Complaint.

56. Defendants deny the allegations contained in paragraph 56 of Plaintiff's Original Complaint.

57. Defendants deny the allegations contained in paragraph 57 of Plaintiff's Original Complaint.

58. Defendants deny the allegations contained in paragraph 58 of Plaintiff's Original Complaint.

59. Defendants deny the allegations contained in paragraph 59 of Plaintiff's Original Complaint.

60.     Defendants deny the allegations contained in paragraph 60 of Plaintiff's Original Complaint.

61.     Defendants deny the allegations contained in paragraph 61 of Plaintiff's Original Complaint.

62.     Defendants deny the allegations contained in paragraph 62 of Plaintiff's Original Complaint.

63.     Defendants deny the allegations contained in paragraph 63 of Plaintiff's Original Complaint.

64.     Defendants deny the allegations contained in paragraph 64 of Plaintiff's Original Complaint.

65.     Defendants deny the allegations contained in paragraph 65 of Plaintiff's Original Complaint.

66.     Defendants deny the allegations contained in paragraph 66 of Plaintiff's Original Complaint.

67.     Defendants deny the allegations contained in paragraph 67 of Plaintiff's Original Complaint.

68.     Defendants admit that Michael Martinez hung himself in November 2015 in Waco, Texas. Defendants deny the remaining allegations in paragraph 68 of Plaintiff's Original Complaint.

69.     Defendants deny the allegations contained in paragraph 69 of Plaintiff's Original Complaint.

70.    Defendants admit that Denay Lauren Birnie died of a drug-related overdose in November 2017. Defendants deny the remaining allegations in paragraph 70 of Plaintiff's Original Complaint.

71.    Defendants deny the allegations contained in paragraph 71 of Plaintiff's Original Complaint.

72.    Defendants deny the allegations contained in paragraph 72 of Plaintiff's Original Complaint.

73.    Defendants deny the allegations contained in paragraph 73 of Plaintiff's Original Complaint.

74.    Defendants deny the allegations contained in paragraph 74 of Plaintiff's Original Complaint.

75.    Defendants deny the allegations contained in paragraph 75 of Plaintiff's Original Complaint.

76.    Defendants deny the allegations contained in paragraph 76 of Plaintiff's Original Complaint.

77.    Defendants deny the allegations contained in paragraph 77 of Plaintiff's Original Complaint.

78.    Defendants deny the allegations contained in paragraph 78 of Plaintiff's Original Complaint.

79.    Defendants deny the allegations contained in paragraph 79 of Plaintiff's Original Complaint.

80.    Defendants deny the allegations contained in paragraph 80 of Plaintiff's Original Complaint.

81.   Defendants deny the allegations contained in paragraph 81 of Plaintiff's Original Complaint.

82.   Defendants admit that the corporate defendants and their employees had a duty to treat Mr. Cole in accordance with constitutional standards. Defendants deny the remaining allegations in paragraph 82 of Plaintiff's Original Complaint.

83.   Defendants deny the allegations contained in paragraph 83 of Plaintiff's Original Complaint.

84.   Defendants deny the allegations contained in paragraph 84 of Plaintiff's Original Complaint.

85.   Defendants deny the allegations contained in paragraph 85 of Plaintiff's Original Complaint.

86.   Defendants deny the allegations contained in paragraph 86 of Plaintiff's Original Complaint.

87.   Defendants deny the allegations contained in paragraph 87 of Plaintiff's Original Complaint.

88.   Defendants deny the allegations contained in paragraph 88 of Plaintiff's Original Complaint.

89.   Defendants deny the allegations contained in paragraph 89 of Plaintiff's Original Complaint.

90.   Defendants deny the allegations set forth in paragraph 90 of Plaintiff's Original Complaint. Further, defendants specifically denied the applicability of Arkansas law to any aspect of this case.

91.     Defendants deny the allegations contained in paragraph 91 of Plaintiff's Original Complaint.

92.     Defendants deny the allegations contained in paragraph 92 of Plaintiff's Original Complaint.

93.     Defendants deny the allegations contained in paragraph 93 of Plaintiff's Original Complaint.

94.     Defendants deny the allegations set forth in paragraph 94 of Plaintiff's Original Complaint. Further, defendants specifically deny the applicability of Arkansas law to any aspect of this case.

95.     Defendants deny the allegations contained in paragraph 95 of Plaintiff's Original Complaint.

96.     Defendants deny the allegations contained in paragraph 96 of Plaintiff's Original Complaint.

97.     Defendants deny the allegations contained in paragraph 97 of Plaintiff's Original Complaint.

98.     Defendants deny the allegations contained in paragraph 98 of Plaintiff's Original Complaint.

99.     Defendants deny plaintiff's prayer for relief.

### AFFIRMATIVE DEFENSES

100.    *Qualified Immunity*. Defendants assert the affirmative defense of qualified ("good faith") immunity with regard to any claim against them in their individual capacity because it did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known when performing discretionary functions.

101.  *Absolute Immunity*. Defendants assert the affirmative defense of absolute immunity which protects public officials in their individual capacity.

102.  *Sovereign/Governmental Immunity*. Defendants assert the affirmative defense of sovereign and governmental immunity which protects the States, their agencies, political subdivisions and officials from suit and liability.

103.  *Official Immunity*. Defendants assert the affirmative defense of official immunity which protects governmental employees from personal liability.

104.  *No Vicarious/Respondeat Superior Liability*. Defendants cannot be held generally liable under a theory of respondeat superior or for the torts of employees, subordinates or co-workers.

105.  *Municipal Immunity*.  Defendants assert the affirmative defense of municipal immunity because the plaintiff cannot establish a deprivation of rights protected by the Constitution or Federal law that was inflicted pursuant to an official, municipal, county, or governmental policy.  Defendants assert that the Plaintiff cannot establish that any official's deliberate conduct was the "moving force" behind the injuries alleged.  Therefore, the Plaintiff cannot establish a causal link between any actions and any deprivation of federal rights.

106.  *Failure to Exhaust Remedies*. Defendants assert the affirmative defense of failure to exhaust administrative and judicial remedies.

107.  *Assumption of the Risk*.  Defendants assert the affirmative defense of Cole's assumption of the risk.

108.  *Contributory or Comparative Negligence*.  Defendants assert the affirmative defenses of Cole's contributory or comparative negligence.

109.  *Failure to Mitigate Damages*.  Defendants assert the affirmative defense of Cole's failure to mitigate damages.

110.  The damages, if any, sustained by plaintiff was not caused by any defendant, but rather, was caused by others for whom these defendants are not legally responsible and/or resulted from natural causes.

111.  Defendants assert all defenses, limitations on liability, protections, and requirements afforded under the Texas Tort Claims Act Tex. *See* IV. Prac. & Rem. Code Ann. section 101.001 et seq including the limitation on the amount of liability contained in section 101.023.

112.  Defendants assert all defenses, limitations on liability, protections, and requirements afforded under chapter 74 of the Texas Civil Practice and Remedies Code, including the limitation on damages contained in section 74.301 – 74.303.

113.  Defendants assert that any alleged injuries and damages to plaintiff were the result of pre-existing and/or subsequently existing conditions and not the result of any act or omission on the part of the defendants.

114.  Upon subsequent investigation of the facts of this case, defendants reserve the right to petition the court for leave to amend their answer or affirmative defenses

115.  Upon subsequent investigation into the facts of this case, Defendants reserve the right to petition the Court for leave to amend their answer or affirmative defenses.

## **JURY DEMAND**

116.  Defendants join Plaintiff in her demand for trial by jury.

Respectfully submitted,

_____
Paul Miller
Texas Bar No. 14056050
Troy Hornsby
Texas Bar No. 00790919

MILLER, JAMES, MILLER & HORNSBY, L.L.P.
1725 Galleria Oaks Drive
Texarkana, Texas  75503
paul.miller@miller-james.com
troy.hornsby@miller-james.com
 903.794.2711; f. 903.792.1276

*Attorneys for LaSalle Defendants and
Bowie County, Texas*

## Certificate Of Service

This is to certify that on this 22nd day of December, 2022, the foregoing document was filed electronically with the Clerk of the Court for the U.S. District Court, Eastern Division of Texas in compliance with Local Rule CV-5(a) and was served on all counsel of record.

_____
Paul Miller