IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

JANICE LYNETTE COLE, Individually          §
and as Administrator of the Estate         §
of RAYMOND LARRY COLE, Deceased            §
                                           §
                    PLAINTIFF              §
                                           §         NO. 5:22-CV-00127
v.                                         §
                                           §
SOUTHWESTERN CORRECTIONAL,                 §
L.L.C. d/b/a LaSALLE CORRECTIONS,          §
L.L.C. et al                               §
                                           §
                    DEFENDANTS             §

## ORDER

Before the Court is Plaintiff's unopposed motion for leave to file Exhibits 1, 16, and 17 of its response to Defendants' Motion for partial summary judgment under seal. Docket No. 50. Plaintiff seeks to seal these three exhibits because they have been marked confidential by Defendants. *See id.*; *see also* Docket No. 51-1 at 1, 4.

When deciding whether to seal judicial records, a court must "balance the public's common law right of access against the interests favoring nondisclosure." *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (citations omitted). Courts are directed to start with the "working presumption [] that judicial records should not be sealed." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417–18 (5th Cir. 2021). The Fifth Circuit "has not assigned a particular weight to the presumption" or "interpreted the presumption in favor of access as creating a burden of proof." *Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 225 (5th Cir. 2020). But the presumption can, by itself, outweigh any interest favoring nondisclosure. *Id.* at 233. Courts are instructed to be "ungenerous with their discretion to seal judicial records." *Binh Hoa Le*, 990 F.3d at 417–18. Courts "must undertake a case-by-case 'document-by-document,' 'line-by-line' balancing of the public's common

law right of access against the interests favoring nondisclosure." *Id*. at 419 (citations omitted). An unopposed or "agreed" motion to seal does not mitigate the Court's duty to "protect public access to judicial proceedings and records." *Id*. Instead, the parties must articulate a specific harm that would be created by the disclosure—conclusory statements of harm are insufficient. *See Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019) (finding the district court did not abuse its discretion by concluding the public access presumption should apply when the moving party only made conclusory statements to support its claim of confidentiality); *see also Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 2:15-cv-1202, Docket No. 192 at 3 (E.D. Tex. Feb. 1, 2017) (denying motions to seal and explaining that the "moving party is accordingly required to make a compelling showing of particularized need to prevent disclosure").

Here, Plaintiff's motion fails to articulate a specific harm or a particularized need to seal these documents. Given that these three exhibits contain Defendants' confidential information, it may be that Plaintiff does not know what specific harms may arise from the publication of these exhibits. Accordingly, while Plaintiff's motion is **DENIED** for failing to articulate a specific harm, both parties have leave to refile a motion to seal these exhibits within **seven (7) days** of this order.[1] If the parties believe that these exhibits should be sealed, the parties shall follow the above guidance and articulate a specific harm and particularized need, as well as argument supporting Defendants' clam of confidentiality.

So ORDERED and SIGNED this 3rd day of April, 2024.

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE

---

[1] In addition, the exhibits were not properly attached to Plaintiff's motion to seal. Local Rule CV-5(a)(7)(D).